IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL W. ROSS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 07-cv-842-WDS |
| | ) |
| UNITED STATES of AMERICA, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Before the Court is petitioner Daniel W. Ross's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), to which the government has filed a response (Doc. 4).

### Background

On February 9, 2004, a jury convicted petitioner of conspiracy to distribute and possess with intent to distribute 5 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 846 on Count 1, and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) on Count 2. On May 6, 2004, he was sentenced to 360 months and 240 months, said sentences to run concurrently. On May 7, 2004, petitioner filed a Notice of Appeal. In light of *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), the Seventh Circuit issued a limited remand. This Court found that it would have imposed the same sentence under the guidelines even if they had not been mandatory. On June 7, 2006, the Seventh Circuit affirmed. On November 27, 2006, the Supreme Court denied petitioner's application for a writ of certiorari.

Petitioner filed this § 2255 motion on November 26, 2007. The motion presents three grounds on which relief is sought, all based upon ineffectiveness of counsel. Ground one alleges ineffectiveness of counsel during petitioner's initial sentencing. Ground two alleges ineffectiveness of counsel during the limited remand before this Court. Ground three alleges ineffectiveness of counsel during petitioner's appeal from this Court's decision that the advisory nature of the guidelines would not change the terms of the sentence. On his § 2255 motion form, petitioner states that affidavits in support of these allegations are attached, but no affidavits can be found in the record. Notably, in its response, the government comments on the lack of affidavits. Petitioner has not replied or provided the Court with the referenced affidavits.

## Analysis

**1.    Relief Under § 2255**

28 U.S.C. § 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States … may move the court which imposed the sentence to vacate, set aside or correct the sentence.

§ 2255(a). The statute further states:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

§ 2255(b). Notably, "[m]otions to vacate a conviction or sentence ask the district court to grant an extraordinary remedy to one who already has had an opportunity for full process." *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006). "Before this remedy can be invoked, a district court must assure itself that a threshold showing has been made that justifies the

commitment of judicial resources necessary to accomplish this delicate and demanding task." *Id.* An evidentiary hearing is not required "when a petitioner's allegations are 'vague, conclusory, or palpably incredible rather than detailed and specific.'" *Id.* at 1067 (quoting *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001)). "'Mere unsupported allegations cannot sustain a petitioner's request for a hearing.'" *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996) (quoting *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir. 1989).

Petitioner has not attached any affidavits to his § 2255 motion. While there is some suggestion that the absence of an affidavit is fatal to Petitioner's § 2255 motion, an affidavit is not strictly required. The Seventh Circuit has articulated the requirement that "either [] the motion be signed under penalty of perjury *or* be accompanied by an affidavit…." *Kafo*, 467 F.3d at 1068 (emphasis added). Since Petitioner has signed the motion under penalty of perjury, the Court can properly consider the allegations contained therein.

**2.    Ineffectiveness of Counsel**

In reviewing a claim of ineffective assistance, the Court will apply the familiar two-pronged test of *Strickland v. Washington*, 466 U.S. 668 (1984): First, the petitioner must prove that his counsel's performance "fell below an objective standard of reasonableness," *id.* at 688, and second, that but for counsel's deficiency, there is a reasonable probability that the outcome would have been different. *Id.* at 694. The defendant bears a heavy burden in showing that his counsel was ineffective and that his defense was actually prejudiced. *United States v. Holland*, 992 F.2d 687, 691 (7th Cir.1993).

While not fatal to Petitioner's motion at the outset, the absence of any supporting affidavit means that the Court has only the limited allegations listed in the § 2255 motion from

which to determine whether petitioner is entitled to a hearing. Ground one of the motion could be read as an allegation that the Court sentenced petitioner based in part on drug allegations present in the indictment but not proven at trial, and that his counsel's failure to object to this rendered his assistance ineffective. There is no mention of which drug was relied on or any other allegations that are "detailed and specific." *Kafo*, 467 F.3d at 1067. Thus, ground one falls under the "unsupported allegations" cautioned against in *Prewitt*. 83 F.3d at 819. Even if this Court were to assume that petitioner had alleged facts specific enough to proceed with his claim, he still would not prevail. The Supreme Court has held that a factor relied on at sentencing need not be proven by the prosecution during trial.

> After the accused is convicted, the judge may impose a sentence within a range provided by statute, basing it on various facts relating to the defendant and the manner in which the offense was committed. Though these facts may have a substantial impact on the sentence, they are not elements, and are thus not subject to the Constitution's indictment, jury, and proof requirements. Some statutes also direct judges to give specific weight to certain facts when choosing the sentence. The statutes do not require these facts, sometimes referred to as sentencing factors, to be alleged in the indictment, submitted to the jury, or established beyond a reasonable doubt.

*Harris v. United States*, 536 U.S. 545, 549-50 (2002).[1] Thus, a court may properly rely on quantities of a drug not proven at trial for purposes of determining and imposing sentence. It is certainly reasonable for an attorney to decline to raise an objection to a Court's proper reliance on a sentencing factor. Petitioner, therefore, cannot satisfy the first "objective standard of reasonableness" prong of the *Strickland* test for ineffectiveness of counsel.

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000), does not apply here. *Apprendi* holds that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. The maximum penalty for a violation of 21 U.S.C. § 841(b)(1)(B)(iii), without death or serious injury being involved, is forty years. Petitioner's sentence of 360 months is less than the statutory maximum of forty years, so *Apprendi* is not applicable.

Ground two of petitioner's motion alleges that his attorney failed to bring to the court's attention "intervening changes in law" that "would have resulted in different outcome" during the limited remand ordered by the Seventh Circuit. No reference whatsoever is made as to which law allegedly changed, nor how it would have affected this Court's determination that the original sentence was appropriate under advisory sentencing guidelines. Petitioner's lack of "detailed and specific" allegations, *Kafo*, 467 F.3d at 1067, cannot meet the "threshold showing … that justifies the commitment of judicial resources necessary to accomplish this delicate and demanding task." *Id.* at 1068.

Ground three alleges similarly that counsel failed "to raise viable issues which were obvious" on appeal from this Court's decision on limited remand. Again, petitioner makes no mention of what these issues are or why they would have affected the proceedings, or, indeed, why they would be so "obvious." These allegations therefore fail to meet the necessary threshold to justify a hearing on count three.

## Conclusion

The Court, therefore, **FINDS** that petitioner has not alleged any specific, factual details as required for a hearing under § 2255 on each of grounds one through three. Even after receiving the government's response, which sets forth petitioners deficiencies quite clearly, petitioner failed to amend or supplement his motion to cure this lack of specificity. Therefore, petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 1) is **DENIED** on all grounds raised.

**IT IS SO ORDERED**

**DATE: June 9, 2010**

                                                  **/s/  WILLIAM D. STIEHL**
                                                     **DISTRICT JUDGE**